UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N Y
★ OCT 0 9 2004 ★
LONG ISLAND OFFICE

| | |
|---|---|
| Commodity Futures Trading Commission, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TradeWins Publishing, Corp.; ) <br> Stephen A. Schmidt; ) <br> Shri Krishna Investment Research Corp.; and ) <br> Anand K. Inamdar. ) <br> ) <br> Defendants. ) | CV 04 3081 <br><br> Honorable Judge Platt <br> Magistrate Judge Lindsay |

## CONSENT ORDER OF PRELIMINARY INJUNCTION
## AGAINST DEFENDANTS SCHMIDT AND TRADEWINS

Plaintiff Commodity Futures Trading Commission ("Commission") filed a complaint against Stephen A. Schmidt, TradeWins Publishing, Corp. ("TradeWins"), Shri Krishna Investment Research Corp. ("SKIR"), and Anand K. Inamdar seeking injunctive and other equitable relief, and a civil monetary penalty, for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002).

Defendants Schmidt and TradeWins, without admitting or denying the allegations of the Complaint for the purpose of this Consent Order of Preliminary Injunction ("Order"), consent to the entry of this Order and state that this consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein. Defendants Schmidt and TradeWins further consent to the jurisdiction of this Court.

## THE COMMISSION AND DEFENDANTS SCHMIDT AND TRADEWINS AGREE, AND THE COURT FINDS THAT:

1. This Court has jurisdiction over the subject matter of this action for the purposes of the entry of this Order, and over Defendants Schmidt and TradeWins pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provisions of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act in that Defendants Schmidt and TradeWins transacted business in this district, and the acts and practices alleged to be in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendants Schmidt and TradeWins waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## IT IS THEREFORE ORDERED THAT:

4. Defendants Schmidt and TradeWins are restrained, enjoined and prohibited, until further order of the Court,

>(A) from employing any device, scheme, or artifice to defraud any client or participant or prospective client or participant;
>
>(B) from engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant; or
>
>(C) from presenting the performance of any simulated or hypothetical commodity interest account, transaction in a commodity interest or series of transactions in a

commodity interest unless such performance is accompanied by the following statement, prominently placed, as required by 17 C.F.R. § 4.41(b):

> Hypothetical or simulated performance results have certain inherent limitations. Unlike an actual performance record, simulated results do not represent actual trading. Also, since the trades have not actually been executed, the results may have under- or over-compensated for the impact, if any, of certain market factors, such as lack of liquidity. Simulated trading programs in general are also subject to the fact that they are designed with the benefit of hindsight. No representation is being made that any account will or is likely to achieve profits or losses similar to those shown.

In doing so, Defendants Schmidt and TradeWins shall clearly identify those hypothetical or simulated performance results which were based, in whole or in part, on hypothetical trading results.

5. Defendants Schmidt and TradeWins are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

   A. Destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants Schmidt and TradeWins that relate to the sale or promotion of trading systems, wherever located, including all such records concerning its business operations;

   B. Refusing to permit authorized representatives of the Commission to inspect, upon reasonable notice by those representatives, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants Schmidt and TradeWins, wherever located, that relate to the Natural Trigger Point System. This language does not affect the Commission's ability to submit to Defendants Schmidt and TradeWins broader discovery requests at a later date.

6. Defendants shall cause to be paid $245,000 into an interest-bearing account ("Escrow Account") maintained by such bank as agreed by the Parties, within 30 days of this

Order. Such Escrow Account will constitute the amount of gross sales, less gross returns, received from the sale of the Natural Trigger Point System, less monies retained by Anand Inamdar.

7. Defendants shall prepare, sign and provide to the Commission, within 30 days of this Order, a complete and accurate accounting of current assets. Such accounting, as pertains to Defendant Stephen A. Schmidt, shall include, without limitation, the identification of all funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Schmidt, whether individually or jointly. Such accounting, as pertains to Defendant TradeWins Publishing Corp., shall include the identification of current assets as attributable to the Natural Trigger Point System.

8. The injunctive provisions of this Order shall be binding on Defendants Schmidt and TradeWins, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, or employee of Defendants Schmidt and TradeWins and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants Schmidt and TradeWins.

9. Defendants Schmidt and TradeWins are directed to produce to representatives of the Commission, upon reasonable notice by those representatives, copies of books, records and other electronically stored data, tape recordings, and other documents of Defendants and their employees, officers or agents, that relate to the Natural Trigger Point System, wherever they are situated and whether they are in the hands of Defendants or others within Defendants' control.

10. It is further ordered that this Order may be served by facsimile transmission.

11. This Order shall remain in effect until final judgment in this action or, if prior to same, until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

Done and ordered on this 9th day of October, 2004.

_____
UNITED STATES DISTRICT JUDGE

We agree to the entry of this Order.

For the Plaintiff:

*Catherine R. Fuller* (signature)
Catherine R. Fuller (cf 7651)
Commodity Futures Trading Commission
525 W. Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0548
(312) 596-0714 (facsimile)

For the Defendants:

*Robert Sugarman* (signature)
Robert Sugarman
Bruce Meyer
Weil Gotshal & Manges, LLP.
767 Fifth Avenue
New York, NY 10153
(212) 310 8000
(212) 310 8007 (facsimile)