UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Commodity Futures Trading Commission,<br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TradeWins Publishing, Corp.;<br>Stephen A. Schmidt;<br>Shri Krishna Investment Research Corp.; and<br>Anand K. Inamdar.<br>　　　　　　　　　　　　　Defendants. | CV 04 3081<br><br>Honorable Judge Platt<br>Magistrate Judge Lindsay |

**CONSENT ORDER OF PERMANENT INJUNCTION
AND A CIVIL MONETARY PENALTY**

Plaintiff Commodity Futures Trading Commission ("Commission") filed a complaint against Stephen A. Schmidt ("Schmidt"), TradeWins Publishing, Corp. ("TradeWins"), Anand K. Inamdar ("Inamdar") and Shri Krishna Investment Research Corp. ("SKIR") seeking injunctive relief and a civil monetary penalty for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002).

## I. Consents and Agreements

To effect settlement of the matters alleged in the Complaint against Defendants Inamdar and SKIR without a trial on the merits or any further judicial proceedings:

1. Defendants Inamdar and SKIR consent to the entry of this Consent Order of Permanent Injunction and a Civil Monetary Penalty ("Order").

2. Defendants Inamdar and SKIR affirm that they have agreed to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Defendants Inamdar and SKIR consent to the jurisdiction of this Court solely to enter this Order and to enforce its terms and conditions.

4. Defendants Inamdar and SKIR waive:

(a) all claims they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), relating to, or arising from, this action;

(b) any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

(c) all rights of appeal from this Order.

5. Defendants Inamdar and SKIR neither admit nor deny the allegations of the Complaint or any of the findings of fact or conclusions of law contained in this Order.

6. Defendants Inamdar and SKIR do not consent to the use of this Order, nor the findings of fact or conclusions of law as the sole basis for any other action or proceeding brought by the Commission other than a proceeding in bankruptcy, or to enforce the terms of the Order, or as set forth in Part VI of this Order.

7. No provision of this Order shall in any way limit or impair the ability of any person to seek any legal or equitable remedy against Defendants Inamdar and SKIR or any other person in any other proceeding.

8. Defendants Inamdar and SKIR agree that neither they nor any of their agents acting under their authority or control shall take any action or make any public statement denying any allegation in the Complaint, or the findings of fact or conclusions of law in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect their testimonial obligations or right to take legal, factual or equitable positions in other proceedings

to which the Commission is not a party. Defendants Inamdar and SKIR shall take all necessary steps to ensure that all of their agents understand and comply with this agreement.

7. Defendants Inamdar and SKIR consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order.

## II. Findings of Fact

The Court hereby makes the following findings of fact applicable only to the parties to, and for the purposes of, this settlement (and not to any other parties to this litigation or any third or other parties):

1. This Court has jurisdiction over the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a).

2. By consent, this Court has jurisdiction of Defendants Inamdar and SKIR to enter this order and shall retain jurisdiction to enforce its terms and conditions.

3. From approximately July 2002 until August 2003, Defendant Inamdar, acting as a commodity trading advisor, by and through his corporation SKIR, promoted the Natural Trigger Point System ("the System"), a trading system developed by Inamdar.

4. When they presented the performance of simulated or hypothetical transactions as a part of their promotion, defendants Inamdar and SKIR failed to disclose that hypothetical or simulated performance results have certain inherent limitations, as required by the Commission's Regulation 4.41(b), 17 C.F.R. § 4.41(b).

5. The manner in which Defendants Inamdar and SKIR promoted the System operated as a fraud or deceit upon their clients or prospective clients. Inamdar previewed a draft of some, but not all, of the promotional materials which were drafted and disseminated by another person. The disseminated promotional materials overstated the profit potential of the system, misrepresented the risk involved in trading commodity futures contracts, and

misrepresented that the buy and sell signals on the System's web site would be used by Inamdar to place actual trades and that the trade history shown on the web site would reflect those trades. In addition, they omitted the material fact that Inamdar actually has an unprofitable trading record and does not trade the System in his personal trading accounts.

6. Defendants Inamdar and SKIR profited as a result of their promotion of the System.

### III. Conclusions of Law

1. From approximately July 2002 until August 2003, Defendants Inamdar and SKIR violated Section 4o(1)(B), 7 U.S.C. § 6o(1)(B).

2. From approximately July 2002 until August 2003, Defendants Inamdar and SKIR violated Sections 4.41(a)(2) and (b) of the Regulations

### IV. Order For Permanent Injunction

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Inamdar and SKIR, acting as commodity trading advisors, and all persons insofar as they are acting in the capacity of Defendants' agents, employees, successors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants Inamdar and SKIR who receive actual notice of such order by personal service or otherwise, are permanently prohibited from directly or indirectly:

> (A) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; and
>
> (B) presenting the performance of any simulated or hypothetical commodity interest account, transaction in a commodity interest or series of transactions in a commodity interest of a commodity trading advisor, or any principal thereof, unless such performance is accompanied by the following statement, prominently disclosed, as required by 17 C.F.R. § 4.41(b):
>
>> Hypothetical or simulated performance results have certain inherent limitations. Unlike an actual performance record, simulated results do not represent actual trading. Also, since the trades have not actually been executed, the results

4

> may have under- or over-compensated for the impact, if any, of certain market factors, such as lack of liquidity. Simulated trading programs in general are also subject to the fact that they are designed with the benefit of hindsight. No representation is being made that any account will or is likely to achieve profits or losses similar to those shown.

In doing so, Defendants shall clearly identify those hypothetical or simulated performance results that were based, in whole or in part, on hypothetical trading results.

## V. Order For Civil Monetary Penalty

**IT IS FURTHER ORDERED THAT** Defendants Inamdar and SKIR shall jointly and severally be liable to pay a civil monetary penalty of $20,000, payable in two installments of $10,000 each. The first payment of $10,000 shall be paid within ten (10) business days of the entry of this Order and the second payment of $10,000 shall be paid within 365 days of the entry of this Order. Defendants Inamdar and SKIR shall pay such civil monetary penalty by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission, and sent to Dennese Posey, or her successor, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, under cover of a letter that identifies Defendants Inamdar and SKIR and the name and docket number of the proceeding. Defendants Inamdar and SKIR shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 1155 21st Street, NW, Washington, D.C. 20581.

## VI. Cooperation

**IT IS FURTHER ORDERED THAT** Defendant Inamdar shall be available to testify in this action on behalf of the Commission against Defendants TradeWins and Schmidt upon one week's notice; and shall testify fully and truthfully in such testimony. Inamdar and SKIR shall

provide whatever additional assistance is reasonably asked of them by the Commission in the Commission's prosecution of the case against Defendants TradeWins and Schmidt.

## VII. Miscellaneous Provisions

1.  <u>Default</u>: Any failure by Defendants to carry out any of the terms, conditions or obligations under any paragraph of this Order shall constitute an Event of Default. If any Event of Default occurs the Commission (or its designee) shall be entitled to:

    > (a) an order requiring immediate payment of any unpaid civil monetary penalty, or, at the Commission's option, the entire unpaid balance, or any unpaid portion, of the civil monetary penalty amount set forth above; and/or

    > (b) move the Court for imposition of all other available remedies, including, but not limited to, an order holding Defendant in contempt for violation of this Order.

2.  <u>Entire Agreement and Amendments</u>: This Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

4.  <u>Invalidation</u>: If any provision of this Order, or the application of any provisions or circumstances is held invalid, the remainder of the Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

5.  <u>Waiver</u>: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be construed as a further or continuing waiver of a breach of any other provision of this Order.

6. <u>Acknowledgements</u>: Upon being served with copies of this Order after entry by the Court, Defendants Inamdar and SKIR shall sign acknowledgments of such service and serve such acknowledgments on the Court and the Commission within seven days.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and a Civil Monetary Penalty.

Done and ordered on this ___ day of _____, 2004.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

We agree to the entry of this Order.

For the Plaintiff:

_____
Catherine R. Fuller
Commodity Futures Trading Commission
525 W. Monroe Street, Suite 1100
Chicago, Illinois 60661
(312)596-0548
(312)596-0714 (facsimile)

Defendants:

_____
Anand K. Inamdar

_____
Anand K. Inamdar as owner and officer of
Shri Krishna Investment Research Corp.

7